Good morning, your honors. My apologies for the delay and also the government counsel. I'm here on behalf of Flores, Rodolfo Flores, and the petitioner in this case. Your honors, I'd like to start and respond actually to the government's brief on this case. The government argues that this court does not have any jurisdiction or authority to hear our matter. That is not true. In our brief that we submitted, we're arguing a legal error. The legal error of determining someone's credibility in an immigration case. In our case... What's the legal error? The legal error, your honor, was that the immigration judge primarily determined that the petitioner lacked credibility based on the probation report. The probation report is a document that was not prepared for not having the actual statements of the respondent in this case. Let me just talk about the probation report, what that is. But that, with respect, in order for us to have jurisdiction, it has to be more than an evidentiary question. It's got to be a colorable constitutional or a claim related to a matter of pure law. You don't really have that here, do you? This is an evidentiary question. We do have an evidentiary question. I know you have an evidentiary question, but you don't have a pure legal question or a colorable constitutional claim. We do, your honor. And what is that? That is that what standards are applied in determining one's credibility, that is a legal question. Because you cannot blanketly decide that someone is being, based on being inconsistent against a document which that individual did not prepare that document. That is the issue in this case. But that's a factual question, is it not? I mean, the law is very clear on that as to what happens. And there's a great deal of discretion given the IJ. But that's almost like an abusive discretion review that we would have in a normal civil case. What is it about the law that is not clear on that point? Your honor, the evidence used in determining one's credibility is an issue of law. What evidence is used? Is there some evidence you can tell, you can cite to a case that says this evidence is forbidden as a matter of law? Yes, your honor. We did cite cases in this case that are relevant to this case. That was Singh v. INS 292 decided by this Court in 2002. In that case, you had basically, the respondent in that case was interviewed at the airport. And the translator spoke a different language than he did. In court, immigration court decided that because his statements were inconsistent with what was spoken at the airport, therefore, he was not credible. Our case is relevant because the same thing happened here to some degree. We have a probation officer. As I recall that case, and I haven't read it in a while, but the question was, was there substantial evidence to sustain the credibility finding? That's not a question before us today, is it? It is, your honor. Because the immigration judge's decision was primarily based on the probation report. He decided that because the respondent's statements are inconsistent with the probation report, therefore, he's not credible. That was the primary finding of the immigration judge. Frankly, your client's testimony didn't make any sense to me either. I mean, I don't think, the probation, your client basically seemed to be trying to deny that he was actually guilty of the charge. At the same time, your client said he was drunk out of his mind and didn't remember what happened. So how his testimony would be taken to have much weight at all, I'm not sure. And he was given an opportunity by the IJ to say, this thing, this doesn't make a lot of sense to me. There's no corroboration here. I can't believe this. But he was explicitly given an opportunity to go find some corroboration and bring it back. No sign that it ever came back with anything. I have a hard time understanding exactly how the IJ's skepticism about that story is a violation somehow of law. That's what I wanted to get into, your honor. Okay. Let me just address why I believe the probation report itself is not a valid evidence used by the IJ determining credibility issue. The probation report is prepared by a probation officer. The probation officer is a government employee talking to the defendant after he has pled guilty. There is no question that he pled guilty to this conviction. He was asked various questions. He responded to some of them, not all of them. The IJ used the probation report as if the respondent directly made those statements on that report and then decided that because he's inconsistent with those statements, therefore he's not credible. The best argument I can understand based on your argument, the best I can make of your argument, I'll say it that way, is that we don't allow the government to look at a PSR, a probation report, when we're trying to figure out under the modified categorical approach what the nature of the crime was. That's clear law. I don't know that that translates to here when we're having somebody testifying and saying, listen, I basically didn't do what my conviction was. I'm not sure that I see that there's a legal principle either based on some statute or some constitutional principle that forbids the IJ from looking at that probation report and from then to have some skepticism about the story he is now telling and then to say, but, you know, if you can bring in the following things, I might be convinced. All of those things that he asked him to bring in seemed eminently sensible, but he doesn't bring in any of them, even though he had testified to the effect that those things were true during his hearing. So it shouldn't have been very hard for him to bring them in if, in fact, he testified truthfully. That's why I'm having trouble with your position. I'll respond to that, Your Honor. You are correct in that sense that he did testify to many things and he said he would bring them and he did not bring them in. However, the question remains in this case is the immigration judge is saying your statements are completely inconsistent from what the probation report is saying. Completely inconsistent with his conviction. You don't even get to the probation report. Your client is denying the fact of the conviction. The IJ is surely allowed to consider the conviction. Your Honor, he's denying... He's considering a discretionary waiver here. It's your client's burden to establish an entitlement to a waiver. Your client opens the door by basically saying, I didn't really do it, even though I was drunk and don't remember. I still didn't do it. Why doesn't it become fair game for the IJ to take a look at, well, what does the record suggest here? Your Honor, speaking from the client's perspective, the client, he pled guilty. What he was denying was that his recollection of what happened. The immigration judge said, well, your denial, in essence, is showing you're not credible. He was explaining why he could not recall what had happened, and he disputed the admission of this probation report because it was not under penalty of perjury. The statements were basically straight from the police report. If you were to take a plea agreement, which a defendant has to sign and acknowledge, yes, I did such and such and such, specifically, that denial would be a complete denial. Here, he's just disagreeing in how the events proceeded to where he eventually pled guilty. So he's not denying that he did not do something. He has a conviction. He's denying how that came about. But because his statements were constantly differed from what the probation report exactly said, the immigration judge said, that is why you don't have credibility. That was not proper, Your Honor, because the judge should have just looked at his demeanor, questioned about the allegations in a police report, which is the same thing in a probation report. If he disagreed, based on his demeanor, the judge could have decided, you know, yes, I don't believe this person is credible. Here's a possible argument that you might be making. It's very clear that we have absolutely no jurisdiction to review the evaluation by the IJ as to whether or not a particular story constitutes exceptional and unusual hardship. The IJ gets to do that. Yes. Maybe you're arguing that it's available to us to determine, and we can hear this and we have jurisdiction on appeal or on petition to review, whether or not there's sufficient evidence for his adverse credibility finding, because this is basically an adverse credibility finding case. Are you saying that adverse credibility finding, whether or not it's sufficiently supported, as to what the facts are, that that's a legal question that we have jurisdiction to review? That's a legal question. The standard that we apply in determining one's credibility is a legal question. The standard here was primarily based on a document which were inconsistent with the testimony in court. But now here's the hard question. Do you have any authority that says that it's a question of law for us in one of these withholding of removal cases? Yes, Your Honor. Whether or not there's substantial evidence to support an adverse credibility finding. Well, we do have the case law that is actually cited by the government in this case, which is Ramadan v. Gonzales. And the cases that I've cited in my brief, which I already mentioned, Singh v. INS, Alvarez-Santos v. INS, page 12 and page 13, respectively, those cases deal with the standard that is applied by immigration courts in determining one's credibility. This case was discretionary review. Agreed. Of course it is. However, there is standards to be applied. And because the respondent or petitioner in this case was very clear that I did not prepare that report, I did not even say most of the comments being alleged, those are based on victim allegations. No, we've got all that. It's from the government. You're over time, but we'll give you a chance to respond. Thank you, Your Honors. Good morning once again. Jan Redfern for the government, the respondent and the Attorney General. Your Honors, as you are aware, the petitioner was ordered removed for his controlled substance offense, which constitutes an aggravated felony, a controlled substance offense under the INA, and a crime involving moral turpitude. He has failed to identify any legal or constitutional error before the court, and therefore the court has no jurisdiction to hear his petition for review. I'd like to just briefly respond to a couple of the items that petitioner's counsel has raised. First of all, the court's not reviewing the immigration judge's adverse credibility determination. That's not the issue here. The issue is only the court's reviewing the immigration judge's discretionary determination to deny 212C relief if there's a legal or a constitutional question. Adverse credibility determinations have consistently been reviewed by this court for substantial evidence. They're factual questions. And petitioner hasn't identified any legal error as far as the immigration judge's determination of credibility because the court's not reviewing the underlying crime here. The court's only reviewing the case here for a legal or constitutional issue, and because that hasn't been raised, the court has no jurisdiction. If there are no further questions, the government would request that the court dismiss the petition for review. Thank you. One minute. I understand one minute is going to be hard because it's uphill work, but one minute. All right. Thank you, Your Honor. As submitted in our brief, Your Honors, we believe there is a legal issue. There's a certain standard that has to be applied in determining one's credibility because that is what determines 212C waiver discretion. In this case, the standard was not applied because it was the inconsistent statements were based on a document not prepared by the petitioner in this case. He did not sign it under penalty of perjury. He simply said that I do not agree with everything stated in that document. That's reasonable because when a probation report is prepared, it is based on a police report, which is based on witness and victim and sometimes defendant statements. And therefore, we ask this Court to grant our petition. Thank you. Thank you. Thank you very much. The case of Flores v. Holder is now submitted for decision. Thank you for your arguments. And that concludes our calendar for the day and the week. We are now in adjournment. Thank you. All rise. The session is adjourned.
judges: Fletcher W. , Clifton, Smith M.